David A. Straite (Del. 5428)
(*pro hac vice* to be sought)
Ralph N. Sianni (Del. 4151)
**Sianni & Straite LLP**
1201 N. Orange St., Suite 740
Wilmington, DE 19801
Tel. (302) 573-3560
Fax (302) 358-2975
*dstraite@siannistraite.com*

Stephen G. Grygiel (Del. 4944)
John E. Keefe, Jr. (NJ 034081990)
Stephen Sullivan, Jr. (NJ 023411997)
**Keefe Bartels LLC**
170 Monmouth Street
Red Bank, NJ 07701
Tel. (732) 224-9400
Fax (732) 224-9494
*sgrygiel@keefebartels.com*

Barry R. Eichen (NJ 015851986)
Daryl L. Zaslow (NJ 014391996)
**Eichen Crutchlow Zaslow & McElroy LLP**
40 Ethel Road
Edison, New Jersey 08817
Tel. (732) 777-0100
Fax (732) 248-8273
*beichen@njadvocates.com*

Jonathan W. Thames – SBN 242158
**Archer Norris PLC**
2033 North Main Street, Suite 800
Walnut Creek, CA 94596
Tel. (925) 930-6600
Fax (925) 930-6620
*jthames@archernorris.com*

Counsel for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PERRIN AIKENS DAVIS, PETERSEN GROSS, DR. BRIAN K. LENTZ, TOMMASINA IANNUZZI, TRACY SAURO, JENNIFER SAURO, and LISA SABATO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware Corporation<br><br>Defendant. | Civil Action No. CV11-04834<br><br>Jury Demand<br><br>**COMPLAINT FOR:**<br><br>1. Violation of Federal Wiretap Act, 18 U.S.C. § 2511 AND<br>2. Violation of Stored Electronic Communication Act, 18 U.S.C. § 2701; AND<br>3. Violation of Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 |

## CLASS ACTION COMPLAINT

Plaintiffs Perrin Aikens Davis ("Davis"), Petersen Gross ("Gross"), Dr. Brian K. Lentz ("Lentz"), Tommasina Iannuzzi ("Iannuzzi"), Tracy Sauro, Jennifer Sauro and Lisa Sabato ("Sabato") (together, the "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, upon knowledge as to themselves and otherwise upon information and belief, allege as follows:

## NATURE OF THE ACTION

1. This is a class action lawsuit brought by, and on behalf of, similarly situated individuals who had active Facebook, Inc. ("Facebook" or the "Defendant") accounts from May 27, 2010 through September 26, 2011 (the "Class Period") and whose privacy was violated.

2. Facebook routinely installs small files called "cookies" on its users' computers. Facebook cookies store login IDs, confirm that a user is logged in, and track when a user is interacting with Facebook Platform applications and websites. Facebook obtained consent from its users to install these cookies, but the consent required Facebook to delete these cookies upon logging out. Facebook repeatedly assured users that "When you log out of Facebook, we remove the cookies that identify your particular account."

3. On September 26, 2011, however, Facebook publicly admitted that it has installed cookies on users' computers that track the internet activity of users *even after they have logged off of Facebook*. This admission came only after an Australian technology blogger exposed Facebook's practice of monitoring members who have logged out, although he brought the problems to Defendant's attention a year ago.

4. On September 28, 2011, U.S. Representative Edward Markey and U.S. Representative Joe Barton, Co-Chairmen of the Congressional Bi-Partisan Privacy Caucus, submitted a joint letter to the Chairman of the Federal Trade Commission stating that "[a]s co-Chairs of the Congressional Bi-Partisan Privacy Caucus, we believe that tracking user behavior

without their consent or knowledge raises serious privacy concerns." The letter continues that "[w]hen users log out of Facebook, they are under the expectation that Facebook is no longer monitoring their activities. We believe this impression should be the reality. Facebook users should not be tracked without their permission."

5. Defendant's willful and knowing actions violated the Federal Wiretap Act, the Stored Electronic Communication Act, and the Federal Computer Fraud and Abuse Act. The Plaintiffs seek damages and injunctive relief under these statutes on behalf of the entire Class for these violations.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendant Facebook because Facebook is headquartered in this District.

7. This Court has subject matter jurisdiction over this action and Defendant Facebook pursuant to 28 U.S.C. § 1331 because this action arises under federal statutes, namely the Federal Wiretap Act, 18 U.S.C. § 2511 (the "Wiretap Act"), the Stored Electronic Communication Act, 18 U.S.C. § 2701 ("SECA") and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA") and pursuant to 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5,000,000.

8. Venue is proper in this District because Defendant Facebook is headquartered in this District. In addition, The Facebook Statements of Rights and Responsibilities, which governs the relationship between Facebook and its users, provides for exclusive venue in state or federal courts located in Santa Clara County, California.

## THE PARTIES

9. Plaintiff Davis is an adult domiciled in Illinois. Davis has had an active Facebook account during the entire Class Period.

3                                          CLASS ACTION COMPLAINT

10. Plaintiff Gross is an adult domiciled in Hawaii. Gross has had an active Facebook account during the entire Class Period.

11. Plaintiff Lentz is an adult domiciled in Virginia. Lentz has had an active Facebook account during the entire Class Period.

12. Plaintiff Iannuzzi is an adult domiciled in New Jersey. Iannuzzi has had an active Facebook account during the entire Class Period.

13. Plaintiff Tracy Sauro is an adult domiciled in New Jersey. Tracy Sauro has had an active Facebook account during the entire Class Period.

14. Plaintiff Jennifer Sauro is an adult domiciled in New Jersey. Jennifer Sauro has had an active Facebook account during the entire Class Period.

15. Plaintiff Sabato is an adult domiciled in New Jersey. Sabato has had an active Facebook account during the entire Class Period.

16. Defendant Facebook is a Delaware corporation which maintains its headquarters at 156 University Avenue, Palo Alto, California 94301. Facebook is a "social network" that permits its members to interact with one another through a web site located at www.facebook.com. Facebook has approximately 800 million members, of whom 150 million are in the United States.

## FACTUAL BACKGROUND

17. Facebook is the largest social networking website in the world, with more than 800 users globally, and 150 million users in the United States.

18. Although Facebook members are not required to pay a subscription fee, membership is not free. Instead, membership is conditioned upon users providing sensitive personal information to Facebook upon registration, including name, birth date, gender and email address. More importantly, use of Facebook is conditioned upon the user accepting numerous Facebook cookies on the user's computer which tracks the member's browsing history. This

information, including the member's unique Facebook identifier, is then harvested by Facebook from the user's computer. Facebook uses the information to generate revenue for the company.

19. Use of Facebook is governed by the Statement of Rights and Responsibilities and a number of other documents and policies, including a Data Use Policy and a Privacy Policy. Although the governing documents make clear that users consent to Facebook installing cookies on the user's computer, and although the users consent to these cookies tracking and transmitting to Facebook data regarding each user's web browsing, such consent was limited to internet usage while the user is logged on to Facebook. Users do not consent to having records of their web browsing tracked after logging out of Facebook.

20. On Facebook's online help center, Facebook emphasized, "When you log out of Facebook, we remove the cookies that identify your particular account."

21. In 2010, an Australian blogger named Nik Cubrilovic ("Cubrilovic") discovered that Facebook cookies were in fact tracking user's internet usage even after logging out of Facebook, without the knowledge or consent of the user.

22. Cubrilovic's investigation revealed that five cookies retained value even after logout and even after a browser restart, while two additional cookies survived logout and remain as session cookies.

23. The five cookies that persisted after logout and a browser restart are *datr, lu, p, L,* and *act*. The two that persist after logout are *a_user* and *a_xs*. Cubrilovic reported that the most important of these cookies is *a_user*, which is the user's identification. In short, Cubrilovic established that ***Facebook was in fact secretly tracking its user's web browsing without their knowledge or consent even after logout.***

24. Cubrilovic repeatedly contacted Facebook to report his findings and get them to fix the problem. They refused. For example, Cubrilovic emailed Facebook on November 14,

2010, and on January 12, 2011, to the official press address at Facebook, even using "subject lines that were very clear in terms of the importance of this issue" but got no response.

25. On September 25, 2011 Cubrilovic went public with his findings. He reported that: "Even if you are logged out, Facebook still knows and can track every page you visit." He explained that "[t]his is not what 'logout' is supposed to mean – Facebook are only altering the state of the cookies instead of removing all of them when a user logs out."

26. Facebook's response was immediate. On September 26, 2011, Facebook engineer Gregg Stefancik thanked Cubrilovic "for raising these important issues" and admitted that Facebook had not "done as good a job as we could have to explain our cookie practices. Your post presents a great opportunity for us to fix that."

27. Facebook also fixed the *a_user* cookie, admitting to Cubrilovic, "There is a bug where *a_user* was not cleared on logout. We will be fixing that today."

28. On September 28, 2011, Congressmen Edward Markey and Joe Barton, Co-Chairmen of the Congressional Bi-Partisan Privacy Caucus, wrote a letter to the Chairman of the Federal Trade Commission. The letter is attached to this complaint as Exhibit A. The Congressmen stated,

> In an effort to protect consumers, we would like to know about any actions the Federal Trade Commission (FTC) has taken or plans to take to investigate this practice by Facebook. We believe that an investigation of Facebook tracking its users even after they log out falls within the FTC's mandate as stipulated in Section 5 of the Federal Trade Commission Act with respect to protecting Americans from "unfair and deceptive acts or practices.

29. The letter also stated,

> As co-Chairs of the Congressional Bi-Partisan Privacy Caucus, we believe that tracking user behavior without their consent or knowledge raises serious privacy concerns. When users log out of Facebook, they are under the expectation that Facebook is no longer monitoring their activities. We believe this impression

should be the reality. *Facebook users should not be tracked without their permission.*

30. On September 29, 2011, the Electronic Information Privacy Information Center submitted a letter to the Federal Trade Commission citing Cubrilovic's post. The letter stated that "Facebook's tracking of post-log-out Internet activity violates both the reasonable expectations of consumers and the company's own privacy statements" and that "Facebook has been engaging in post-log-out tracking for at least a year." The letter was also signed by the American Civil Liberties Union, the American Library Association, the Bill of Rights Defense Committee, the Center for Digital Democracy, the Center for Media and democracy, Consumer Action, Consumer Watchdog, Privacy Activism and Privacy Times.

## CLASS ACTION ALLEGATIONS

31. This is a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a Class of all persons who had active Facebook accounts and used Facebook between May 27, 2010 and September 26, 2011, both dates inclusive, and whose privacy was violated by Facebook. Excluded from the Class are Facebook, and its officers, directors, employees, affiliates, legal representatives, predecessors, successors and assigns, and any entity in which any of them have a controlling interest.

32. The members of the Class are so numerous that joinder of all members is impracticable.

33. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. The questions of law and fact common to the Class include whether Facebook violated federal law by tracking Internet use by Facebook members after the members had logged off of Facebook.

34. Plaintiffs' claims are typical of the claims of other Class members, as all members of the Class were similarly affected by Facebook's wrongful conduct in violation of federal law as complained of herein.

35. Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel that is competent and experienced in class action litigation. Plaintiffs have no interest that is in conflict with, or otherwise antagonistic to the interests of the other Class members.

36. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in management of this action as a class action.

## COUNT I

### VIOLATION OF THE FEDERAL WIRETAP ACT, 18 U.S.C. § 2511

37. Plaintiffs incorporate the above allegations by reference as if set forth more fully herein.

38. The Federal Wiretap Act, as amended by the Electronic Communications Privacy Act of 1986, prohibits the willful interception of any wire, oral, or electronic communication.

39. 18 U.S.C. § 2520(a) provides a private right of action to any person whose wire, oral or electronic communication is intercepted.

40. Facebook placed cookies on its users' computers that intercepted records of Facebook users' internet communications even after the user has logged out.

41. Neither the Plaintiffs nor members of the Class consented to nor were aware that the Defendant was violating its own privacy policy and tracking its users' internet use after logging off Facebook.

42. The data intercepted by the Defendants' cookies after the user logged off are "communications" within the meaning of the Wiretap Act.

43. Facebook intentionally and willfully placed the cookies on its users computers and thus intentionally and willfully intercepted the electronic communications of its users.

44. Plaintiffs are persons whose electronic communications were intercepted within the meaning of Section 2520.

45. Section 2520 provides for preliminary, equitable and declaratory relief, in addition to statutory damages of the greater of $10,000 or $100 a day for each day of violation, actual and punitive damages, reasonable attorneys' fees, and disgorgement of any profits earned by Defendant as a result of the above-described violations.

## COUNT II

## VIOLATION OF THE STORED ELECTRONIC COMMUNICATIONS ACT, 18 U.S.C. § 2701

46. Plaintiffs incorporate the above allegations by reference as if set forth more fully herein.

47. The Stored Electronic Communications Act ("SECA") provides a cause of action against a person who intentionally access without authorization a facility through which an electronic communication service is provided, or who intentionally exceeds an authorization to access that facility, and thereby obtains, alters or prevents authorized access to a wire or electronic communication while it is in storage in such a system.

48. "Electronic Storage" is defined in the statute to be "any temporary, immediate storage of a wire or electronic communication incidental to the electronic transmission thereof."

49. Facebook intentionally placed cookies on its members' computers that accessed members' stored electronic communications without authorization, and thus violated SECA.

50. Plaintiffs and other member of the Class were harmed by Defendant's violations, and are entitled to statutory, actual and compensatory damages, injunctive relief, punitive damages, and reasonable attorneys' fees.

## COUNT III

## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT,

## 18 U.S.C. § 1030

51. Plaintiffs incorporate the above allegations by reference as if set forth more fully herein.

52. Defendant intentionally accessed a computer used for interstate commerce or communication, without authorization or by exceeding authorized access to such a computer, and by obtaining information from such a protected computer.

53. Defendant's knowingly causing the transmission of a program, information, code or command and as a result caused a loss to one or more persons during any one-year period of at least $5,000 in the aggregate.

54. Plaintiffs have also suffered a violation of the right of privacy as a result of Defendant's knowing actions.

55. Defendant has thus violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

56. Defendant's unlawful access to Plaintiff's computers and communications have caused irreparable injury. Unless restrained and enjoined, Defendant may continue to commit

such acts. Plaintiffs' remedies at law are not adequate to compensate for these inflicted and threatened injuries, entitling Plaintiffs and the Class to remedies including injunctive relief as provided by 18 U.S.C. § 1030(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.  Determine that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.  Award compensatory damages, including statutory damages where available, in favor of Plaintiffs and the other members of the Class against Defendant for all damages sustained as a result of Defendant's wrongdoing, in an amount to be proven at trial, including interest thereon;

C.  Permanently restrain Defendant, and its officers, agents, servants, employees and attorneys, from installing cookies on its users' computers that could track the users' computer usage after logging out of Facebook or otherwise violating its policies with users;

D.  Award Plaintiffs and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

E.  Grant Plaintiffs such further relief as the Court deems appropriate.

## JURY TRIAL DEMAND

The Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted,

DATED this 30th day of September, 2011.

                                                                         /s/ David A. Straite  
                                                                         By: David A. Straite  
                                                                         *(pro hac vice to be sought)*

David A. Straite (Del. 5428)  
*(pro hac vice* to be sought)  
Ralph N. Sianni (Del. 4151)  
**Sianni & Straite LLP**  
1201 N. Orange St., Suite 740  
Wilmington, DE 19801  
Tel. (302) 573-3560  
Fax (302) 358-2975  
*dstraite@siannistraite.com*

Stephen G. Grygiel (Del. 4944)  
John E. Keefe, Jr. (NJ 034081990)  
Stephen T. Sullivan, Jr. (NJ 023411997)  
**Keefe Bartels LLC**  
170 Monmouth Street  
Red Bank, NJ 07701  
Tel. (732) 224-9400  
Fax (732) 224-9494  
*sgrygiel@keefebartels.com*

Barry R. Eichen (NJ 015851986)  
Daryl L. Zaslow (NJ 014391996)  
**Eichen Crutchlow Zaslow & McElroy LLP**  
40 Ethel Road  
Edison, New Jersey 08817  
Tel. (732) 777-0100  
Fax (732) 248-8273  
*beichen@njadvocates.com*

Jonathan W. Thames – SBN 242158  
**Archer Norris PLC**  
2033 North Main Street, Suite 800  
Walnut Creek, CA 94596  
Tel. (925) 930-6600  
Fax (925) 930-6620  
*jthames@archernorris.com*

Attorneys for Plaintiffs

# Exhibit A

NATURAL RESOURCES
RANKING DEMOCRAT

ENERGY AND COMMERCE

7TH DISTRICT, MASSACHUSETTS

WASHINGTON, DC 20515-2107
(202) 225-2836

DISTRICT OFFICES:

5 HIGH STREET, SUITE 101
MEDFORD, MA 02155
(781) 396-2900

188 CONCORD STREET, SUITE 102
FRAMINGHAM, MA 01702
(508) 875-2900

http://markey.house.gov

# Congress of the United States
## House of Representatives
### Washington, DC 20515-2107

September 28, 2011

The Honorable Jon Leibowitz
Chairman
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20001

Dear Chairman Leibowitz:

According to findings recently published by an Australian technology blogger, Facebook had been gathering information about the websites its users visited even after users logged out of Facebook. While Facebook now claims that it has stopped this practice, we remain concerned about the privacy implications for Facebook's 800 million subscribers.

As you know, websites, including Facebook, routinely install small files called "cookies" on users' computers to relieve users from enduring extra authentication steps every time they visit the website. Cookies also allow websites to track their users' activities while online. However, in this instance, Facebook has admitted to collecting information about its users even *after its users had logged out of Facebook*. Facebook was able to obtain this information when users visited websites that connect with Facebook, including websites with "Like" buttons. There are an estimated 905,000 sites that contain the "Like" button.

As co-Chairs of the Congressional Bi-Partisan Privacy Caucus, we believe that tracking user behavior without their consent or knowledge raises serious privacy concerns. When users log out of Facebook, they are under the expectation that Facebook is no longer monitoring their activities. We believe this impression should be the reality. Facebook users should not be tracked without their permission.

We also are concerned about how quickly Facebook plans to correct this problem. According to the Wall Street Journal ("Facebook Defends Getting Data From Logged-Out Users", September 26, 2011), Arturo Bejar, Facebook Director of Engineering, is quoted as saying that fully correcting this problem "will take a while." Facebook should consider this problem a top priority and should allocate the resources necessary to safeguard consumers in an expedited fashion.

In an effort to protect consumers, we would like to know about any actions the Federal Trade Commission (FTC) has taken or plans to take to investigate this practice by Facebook. We believe that an investigation of Facebook tracking its users even after they log out falls within the FTC's mandate as stipulated in Section 5 of the Federal Trade Commission Act with respect to protecting Americans from "unfair and deceptive acts or practices."

Thank you for your attention to this important matter. If you have any questions, please have a member of your staff contact Joseph Wender in Congressman Markey's office (202-225-2836) or Emmanual Guillory in Congressman Barton's office (202-225-2002).

Sincerely,

Edward Markey
Co-Chairman
Congressional Bi-Partisan Privacy Caucus

Joe Barton
Co-Chairman
Congressional Bi-Partisan Privacy Caucus